Filed 2/23/23  P. v. Woods CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO WOODS,<br><br>Defendant and Appellant. | A166278<br><br>(San Francisco Super. Ct.<br>Nos. SCN197148, CRI02240071) |

Antonio Woods appeals from the trial court's imposition of two years of parole supervision under Penal Code[1] section 1172.6, subdivision (h) upon Woods's resentencing under section 1172.6.  Woods's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 requesting that we independently review the record.  Counsel also has advised Woods of his right to submit a supplemental brief within 30 days, and Woods has not done so.  Our independent review of the record has disclosed no issues that warrant further briefing.

### I. BACKGROUND

In January 2006, Woods was convicted of first degree murder (§ 187, subd. (a)) and felon in possession of a firearm (former § 12021, subd. (a)).

---

[1] Statutory references are to the Penal Code unless otherwise stated.

He was sentenced to 25 years to life in prison for the first degree murder conviction and three years for the felon in possession conviction, the latter to be served concurrently. Woods appealed, and this court affirmed the judgment in an unpublished opinion, *People v. Woods* (Sept. 13, 2007, A114359), a copy of which is contained in the record. To provide background, we quote from our statement of facts in that opinion:

"On February 8, 2003, Eugene Befford was sitting in his car in front of his house on Page and Webster Streets. [Woods] and codefendant Anthony Johnson drove up and parked behind Befford's vehicle. They walked toward Haight Street and approximately a half hour later they returned to the corner of Webster and Page. According to Befford, the two men were 'yelling and using vulgarities about someone [who] had pissed them off.' Something was said about 'doing something to somebody.' [Woods] told Johnson that the gun was in the car. Johnson went to the car while [Woods] went to the corner.

"Ron Coleman arrived on the other side of the street. [Woods] and Coleman began arguing and yelling. [Woods]'s shirt was open. He put his hands in the air and turned around in a circle. They continued yelling. Eventually Coleman crossed the street toward [Woods]. As Coleman approached [Woods], [Woods] backed up. While they continued arguing Johnson proceeded along the wall of a building, crouching down with a gun between himself and the building. Johnson walked to a point behind Coleman and moved his arm in front of him with the gun. Coleman turned around and Johnson shot him in the chest."

In 2022, Woods petitioned the San Francisco County Superior Court for resentencing under former section 1170.95, the predecessor statute to section 1172.6. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3 ["with the

2

passage of Assembly Bill No. 200 [(2021–2022 Reg. Sess.)], the Legislature then renumbered former section 1170.95 to section 1172.6 without any further substantive change"].)  Following an evidentiary hearing, the court granted Woods's petition.  It vacated Woods's first degree murder conviction and set aside his guilty plea to that charge, Woods pleaded not guilty to the charge, and the court granted the People's motion to dismiss the charge in the interest of justice under section 1385.  Woods pleaded guilty to the new charge of assault with a semiautomatic firearm (§ 245, subd. (b)) and admitted to being the principal armed with a firearm (§ 12022, subd. (a)(1)).

The court adjudged Woods to have committed those crimes and sentenced Woods to seven years in prison.  This sentence consisted of a principal term of six years for the assault with a semiautomatic firearm conviction and one year for the firearm enhancement, the latter to run consecutively, along with three years for Woods's felon in possession of a firearm conviction, to run concurrently.  The court ordered that Woods had 6,568 days of custody credits, which exceeded his sentence.  Accordingly, it further ordered that he be released from prison.  It also ordered under section 1172.6, subdivision (h) that he be placed under parole supervision for two years.  The court imposed this parole period over the defense objection that Woods's custody credits exceeded this parole period as well.

Woods filed a timely notice of appeal from the "imposition of a parole period under Pen. Code §1172.6(h) given excess credits beyond 2 years."

## II. DISCUSSION

We have independently reviewed the record under *Wende* and conclude there are no issues that warrant further briefing.

Section 1172.6, subdivision (h) provides, "A person who is resentenced pursuant to this section shall be given credit for time served.  The judge may

3

order the petitioner to be subject to parole supervision for up to two years following the completion of the sentence."

The court acted within its discretion to impose a two-year parole supervision period under section 1172.6, subdivision (h), even if Woods's custody credits exceeded the time imposed for his new sentence and parole period.  (*People v. Arellano* (2022) 86 Cal.App.5th 418, 437–438 [trial court did not err in imposing a parole term upon the defendant's custodial release under section 1172.6, subdivision (h), rather than applying excess credits to satisfy the entirety of the parole term]; *People v. Wilson* (2020) 53 Cal.App.5th 42, 46 [Division Three of this district holding under former section 1170.95 that a "court is not required to mechanically apply excess custody credits to reduce or eliminate the parole period imposed at a resentencing," but "[i]instead, and notwithstanding excess custody credits, . . . may exercise its discretion when deciding whether to order a period of parole"]; *People v. Lamoureux* (2020) 57 Cal.App.5th 136, 144–145 [holding the same under former section 1170.95].)

## III. DISPOSITION

The judgment is affirmed.

STREETER, J.

WE CONCUR:

BROWN, Acting P. J.
GOLDMAN, J.

4